## STEWART et al. v. HUFF et al.

1. **Notice: UNRECORDED PLAT.** A purchaser is not charged with constructive notice of a mortgage (the mortgagee not being in possession), which contained certain lots upon a town plat not recorded, which lots were described by different numbers in a plat subsequently recorded; nor can the absence from the record of a town plat till after the date and record of a mortgage of lots therein, in any just and legal sense be held to put a party upon his inquiry so as to charge him with a knowledge of facts within the possible range of such inquiry.

2. —— **BUILDING: POSSESSION.** That a lot described in a mortgage was occupied by a building of a certain description does not charge the mortgagee with notice of a senior mortgage upon the same lot and building in which the building is generally described, but the lot is described by a different number, when the evidence does not show that the building was the only one answering to the same description in the village.

3. —— **INDEX.** The extent of notice imparted by the record of a mortgage is limited to the property described in the index of the record.

*Appeal from Dubuque District Court.*

WEDNESDAY, JANUARY 24.

THIS is an action of right. The cause was submitted to the court without the intervention of a jury, and the court found the facts as follows:

That prior to and on the 10th day of October, 1854, James Dyer was the owner, in fee simple, of the N. E. $\frac{1}{4}$ of section 31, T. 89, R. 2, west of the 5th P. M.; that the village of Dyersville is laid out upon said quarter section; that on the 10th day of October, 1854, James Dyer executed and delivered to William G. Stewart and Emerson and Shields, a mortgage upon the following property, to wit: lots 39, 40, 41, 83, 84, 85, 86 and 96, in the village of Dyersville, together with all the improvements thereon, viz.: a storeroom on lot 96 and dwelling house on other lots, the same being the northeast quarter of section 31, T. 89, R. 2, west; that in said mortgage the words "situate

in the " had been written after the word "lot," and before the words "the same being," but had been partially obliterated by scratching across them with a pen; that the said mortgage was duly acknowledged and recorded on the 10th day of October, 1854, in Book No. 4 of Mortgages, pages 254 and 255; that the said mortgage, during the year 1861, was foreclosed and property sold by the sheriff to William G. Stewart and John H. Emerson, and conveyed to them by the sheriff, in pursuance of such sale, by deed, dated November 8, 1861, and filed for record December 23, 1861, and recorded in Book No. 10 of Town Lots, page 74; the deed contained the same description as the mortgage; that the mortgage above named was entered in the Index Book of mortgages as follows :

| MORT-GAGORS. | Mortgagees. | Date of filing. | Date of Inst. | Book of Mortgages. | Page. | DESCRIPTION. |
|---|---|---|---|---|---|---|
| Jas. Dyer, .. | Stewart & Emerson & Shields, | Oct. 10, '54 | Oct. 10, '54 | Book 4, of Mortgages, ... | 254 | Lots 39,40, 41, 42, 83, 84, 85, 86 & 96 in Dyersville. |

—— That there was a plat of Dyersville, recorded in Book T, p. 488, filed January 19, 1856, and acknowledged, upon which, among others, there was marked and laid down lots numbered 96 and 420. That at the time of making the above named mortgage, there was in existence a plat of Dyersville, upon which was marked and laid down a lot, numbered 96; that the said last named plat was lost and never was recorded, and that the lot numbered 96, on the last named plat, was the same lot which was numbered 420 on the first named plat. That upon the lot numbered 96, on the last named plat, there was, at the time of making of the last named mortgage, a storehouse, and that upon the lot numbered 96, upon the first named plat, there never was any building at all; that on the 27th day of September, 1856, James Dyer executed and delivered to

James Huff and Thomas W. Hicox a mortgage on lot 420, and improvements on same, situated in the village of Dyersville, as per recorded plat of said village, to secure the payment of $3,770, which was recorded October 4, 1856, in Book 7, p. 91; that said mortgage was foreclosed and the property sold by the sheriff of Dubuque county, and by him conveyed to James Huff and Warren T. Hicox, by deed dated 24th August, 1860, and filed for record September 12, 1860, and recorded in Book 8, p. 528 of Town Lots, in which deed the property was described the. same as in the last named mortgage.

That James Huff and Thomas W. Hicox, at the time they took the mortgage, had no notice of the mortgage to Stewart, Emerson & Shields, unless in judgment of law, they were chargeable with notice by reason of the facts above stated; that Huff and Hicox had no knowledge of the existence of the plat which was first made, but never recorded.

As a conclusion of law upon the above facts, the court found, that Huff and Hicox, when they took their mortgage, were *bona fide* purchasers for value, without notice of the · lien of Stewart, Emerson and Shields, and rendered judgment accordingly that plaintiff's petition be dismissed with costs.

The plaintiffs appeal.

*Bissell & Shiras* for the appellants.

*B. W. Poor* for the appellees.

COLE, J. — I. The plaintiffs might have protected themselves perfectly, and secured a priority for their mortgage, by causing the plat of Dyersville, then in existence, to be duly recorded. Without such recorded plat, there was one link wanting in their chain of title, upon the record. The only means of supplying this defect in their record title, was to take possession of the property,

1. NOTICE: unrecorded plat.

or otherwise bring actual or constructive notice to the defendant, of the existence of the missing link. There is no finding of such fact, nor could the mortgage of certain lots in a town plat not upon record, be construed into a notice of a claim upon other lots, in a plat afterwards made and recorded; nor can the absence from record, of a town plat, till after the date and record of a mortgage of lots therein, in any just or legal sense, be held to put a party upon inquiry, so as to charge him with knowledge of facts within the possible range of such inquiry.

II. The description of the property mortgaged to plaintiffs, as contained in their mortgage, was, "Lots 39, 40, &c., and 96, in the village of Dyersville, together with all the improvements thereon, to wit: A store-room on lot 96, and dwelling house on other said lots, the same being the northeast quarter of section 31 of town 89, R. 2, west of 5th P. M."

Now it is claimed by plaintiffs, that since there was a storehouse on lot 96, that this fact would put the defendant upon inquiry, when they were taking their mortgage upon a lot in the same town, having a storehouse thereon. There are two fair answers to this claim, one, that the defendants were taking a mortgage upon lot 420, and not upon any lot of like number included in plaintiffs' mortgage, and the other, that there is no showing that the town of Dyersville has or had but one storehouse, or that it had not many storehouses.

But it is further claimed that the mortgage to plaintiff embraced all of the northeast quarter of section 31, and, 3. — index. therefore, the defendants had notice, by the record, of plaintiffs' mortgage. It will be seen, however, that the index of plaintiffs' mortgage does not contain any reference to the quarter section, nor does it appear therefrom that the lots were in that section. The defendants were not, then, charged with notice or put upon inquiry by the record, as

to the plaintiffs' title to the quarter section, for we have frequently held, that the property described or referred to in the index was the extent of the notice imparted by the record. Rev., §§ 2222, 2223; *Scoles* v. *Wilsey et al.*, 11 Iowa, 261; *Noyes' Adm'r* v. *Horr et al.*, 13 Id., 570; *Breed* v. *Conley*, 14 Id., 269. See, also, *Barney* v. *Little*, 15 Id., 527, which is not in conflict with the other decisions cited.

Affirmed.