GATEWOOD, APPELLANT V. HOUSE.

**Record of Deed:** WHAT DESCRIPTION OF THE LAND IS SUFFICIENT TO IMPART NOTICE. In order that the record of a deed may impart notice to subsequent purchasers, the description of the land conveyed should be such that it can be identified by name, location, monuments, courses and distances or numbers, or the deed should refer to some other instrument lawfully of record, which does contain such means of identification. Mere reference to a certificate of entry at a United States land office, which embraces large bodies of land and is not recorded, without even designating the land as lying in the county where the deed is recorded, is not a sufficient description.

*Appeal from Audrain Circuit Court.*—HON. G. PORTER, Judge.

*Thos. D. Hay and Henderson & Shields* for appellant.

The proposition that a deed may be good as between the parties in the matter of description and yet insufficient to notify a third person who knows its contents, is a monstrous absurdity. If the description in a deed be so indefinite or uncertain as not to identify the land with reasonable certainty, the deed is not good for any purpose. But if it is sufficiently definite to effect a conveyance from one party to another, and so that the court can see what land is intended to be conveyed, then in the nature of things, it must be equally definite to outsiders. The deed itself is the only legitimate source of information of what is conveyed for everybody, parties to the instrument and all the rest of the world. How can it possibly convey to the grantee any more information than it does to a subsequent purchaser? The grantee's knowledge derived from other sources is of no avail for any purpose. The deed with its references must impart to him all the knowledge he gets of the land conveyed. And whatever notice the deed is capable of thus imparting to him, it is capable of imparting to every one who may read it. The description in the deed to Fyler, by reference to the date of the entry, the name of the party entering, the office at which the entry was made,

and the number of the entry certificate, was a complete identification of the land conveyed for all purposes whatever. *Clemens v. Rannells*, 34 Mo. 579; *Nelson v. Brodhack*, 44 Mo. 596; *Muldrow v. Robinson*, 58 Mo. 331; *Fenwick v. Gill*, 38 Mo. 510.

The prior date of the Fyler deed and the actual notice thereof to Noyes give it a necessary precedence. Wag. Stat. 595, sec. 35; 277, secs. 25-26; *Partridge v. Smith*, 2 Biss. 183; *George v. Kent*, 7 Allen 16; *White v. Hermann*, 51 Ill. 243; *Choteau v. Jones*, 11 Ill. 300; *Gilbert v. Jesse*, 31 Wis. 110; *Mahoney v. Middleton*, 41 Cal. 41; *Williamson v. Brown*, 15 N. Y. 354; *Baker v. Bliss*, 39 N. Y. 70; *McChesney v. Wainright*, 5 Ohio 452; *Mulliken v. Graham*, 72 Penn. St. 484; *McGavock v. Deery*, 1 Cold. 265.

*Elijah Robinson and Craddock & Musick* for respondent.

The instructions asked by plaintiff required the court to assume and tell the jury that Noyes, if he had notice of the existence of the deed from Herrick to Fyler, actually knew that the one hundred and sixty acres of land in controversy were contained in the six thousand acres embraced in that deed, however indefinite, vague and uncertain may have been the description; and an instruction of that character would certainly have been erroneous. *Moffat v. Conklin*, 35 Mo. 453; *Turner v. Loler*, 34 Mo. 461; *Merritt v. Given*, Id. 98. The registration of a deed wherein the description was so defective could not be notice to any one. 3 Washburn Real Prop. 286; 20 Ohio 261; 8 Vermont 172. The deed itself did not show that the one hundred and sixty acres of land in controversy were included in it, neither could that fact be ascertained by anything in the office of the recorder of deeds for Audrain county; and a subsequent purchaser could not be required to go elsewhere than to the recorder's office to ascertain the state of the title to any tract of land; 19 Iowa 557. It is the duty of a purchaser of real estate not only to have his deed recorded, but to procure such a deed and have it placed on

record, as will inform parties who examine record of what land is intended to be conveyed; and if he fails to do this, the fault lies at his own door, and there must the damage fall, if any result from his negligence in not procuring a perfect deed. The theory of the registration law is that the county recorder's office shall contain all that is necessary to the protection of any purchaser in buying any tract of land in the county. Where the records are th s full, parties who are not guided by them purchase at their peril; when deficient, innocent purchasers are protected, and those whose duty it was to have them full must suffer. It is not intended by the law that purchasers shall be sent elsewhere (as in this case to Palmyra, Boonville or Washington City) to trace the title to a tract of land, and that without a clue even to guide the search. Our system of subdividing and describing lands by the range, township, section and parts of section, gives, as was intended, a brief but clear and most accurate means of identifying lands and, when applicable, certainly no other means of giving notice on the record should be substituted, particularly as it is thus that the lands of the country are almost universally known and described. *Terrell v. Andrew county*, 44 Mo. 309; *Acer v. Westcott*, 46 N. Y. 384; S. C. 7 Am. Rep. 355.

HOUGH, J.—This was an action of ejectment for the southeast quarter of section thirty-two, township fifty-one, range five west, in Audrain county. There was a verdict and judgment for defendant, and plaintiff has appealed. The land in controversy was entered by one Isaac Herrick in 1836. He received a patent for the same dated August 1st, 1838, which was filed for record April 17th, 1867. On the 7th day of March, 1837, Isaac Herrick conveyed to James D. Fyler certain lands described as follows: " The lands entered by Isaac Herrick at the office in Palmyra, State of Missouri, on the 19th of July, 1836, specified in certificate No. 14730 containing 1520 acres, No. 14728 containing 2400 acres, No. 14731 containing $1451\frac{29}{100}$ acres,

No. 14729 containing 320 acres dated 19th July, 1836, No. 14913 containing 160 acres dated July 29, 1836, No. 15166 containing 240 acres, No. 15167 containing $169\frac{17}{100}$ acres dated 12 August, 1836." The land in question was included in one of the foregoing certificates. This deed was filed for record July 8th, 1837. The same description of these lands was employed by Fyler and his grantees in all the conveyances of the same made by them until May 14, 1859, when a large portion thereof, including the tract in controversy, was conveyed to the plaintiff and others, by its numbers, and at a sale in partition subsequently made the plaintiff purchased, and received a deed for the land sued for. On the 24th day of March, 1837, seventeen days after the conveyance from Herrick to Fyler, but before said conveyance was filed for record, Isaac Herrick conveyed to M. J. Noyes, the land in controversy and other property. This deed was filed for record May 9th, 1837. In November, 1852, Noyes conveyed said land to one Hendrick, and in June, 1865, Hendrick conveyed to the defendant House. There was testimony tending to show that Noyes had notice of the conveyance made by Herrick to Fyler and of the fact that one of the certificates mentioned in said deed included the land conveyed to him by Herrick. Hendrick and House both testified that they had no actual notice of the conveyance from Herrick to Fyler. The question of actual notice was properly submitted to the jury, and the only question which it is necessary for us to determine is, whether the description employed in the deed from Herrick to Fyler was sufficiently definite to impart notice to Hendrick that the land purchased by him of Noyes was included in said conveyance. This question was a controlling one, on the hypothesis that Noyes had actual notice, of which, as before stated, there was some testimony. The circuit court held, that the description was too indefinite to impart notice to Hendrick, and we think its ruling was correct.

The description was undoubtedly good enough between

the parties to the deed, but it was wholly insufficient as notice to third persons. To constitute the record of a deed notice to subsequent purchasers, the description contained in the deed should be such as would enable such purchasers to identify the land by name, location, monuments, courses and distances, or numbers, or the deed should refer to some other instrument lawfully of record which does contain such means of identification. Here the reference was to certificates of entry which were not and could not be recorded, covering large bodies of land which were not even designated as lying in the county where the deed was recorded. There is nothing in such a description to put a purchaser upon inquiry and in such case he might safely rely upon the presumption that the grantor and grantee in the second conveyance were not guilty of a violation of the criminal statutes. A similar ruling is to be found in *Stewart v. Huff*, 19 Iowa 557. The judgment of the circuit court will be affirmed. The other judges concur.

AFFIRMED.