Stearns *v.* Porter.

———◆◆◆———

ANDREW J. STEARNS *vs.* JONATHAN PORTER AND OTHERS.

A mortgage describing as an absolute indebtedness a note given as security for a contingent liability assumed by the mortgagee, is not good against a bonâ fide purchaser of the land without notice.

BILL for a foreclosure; brought to the Superior Court in Windham County. Facts found and case reserved for advice. The case is sufficiently stated in the opinion.

*J. J. Penrose,* and *G. W. Phillips,* for the petitioner.

*T. E. Graves,* for the respondents.

CARPENTER, J.   In October, 1874, the petitioner loaned to Jonathan Porter, one of the respondents, the sum of three thousand dollars, taking his note therefor indorsed by one Aldrich.   That debt remains unpaid.   To secure Aldrich for his liability as indorser Porter gave him his note for the same amount, and secured that note by the mortgage to foreclose which this suit is brought.   The note to Aldrich was further secured by a guaranty, under seal, signed by the respondent Bates and two others.   Aldrich subsequently assigned to Stearns the note and mortgage in suit, and also the guaranty. A suit was brought on the guaranty by Stearns, and this court held that he was entitled to recover.   *Stearns* v. *Bates,* ante, page 306.   For the same reasons and upon the same principles the petitioner is entitled to the note and mortgage given to Aldrich, it being in substance security for the debt due from Porter to Stearns.

But in this case another question arises.   In January, 1876, Porter by quitclaim deed sold and conveyed the equity of redemption to the respondent Bates.

The indebtedness intended to be secured by the mortgage is described therein as an absolute debt, whereas in fact it is contingent, having been given to secure Aldrich as indorser of the note from Porter to Stearns.

In behalf of Bates it is urged that, as against him, the mortgage contravenes the policy of our recording system in not disclosing the real transaction between the parties, and is therefore void.

The law is well established in this state that a mortgage must describe the indebtedness truly, or it will not prevail against creditors or bonâ fide purchasers for a valuable consideration without notice.   And it has been held specifically that where the obligation is contingent, being given to secure an indorser, and is described in the mortgage as an absolute debt, it is not sufficient, inasmuch as it does not disclose the true nature of the transaction.   *Merrills* v. *Swift,* 18 Conn.,

257; *Sanford* v. *Wheeler*, 13 Conn., 165; *North* v. *Belden*, id., 376. The mortgage in this case seems to be fully within the principle of those cases.

But the facts are not sufficiently found to enable us to dispose of the case. It will therefore be remanded to the Superior Court for a further hearing. If upon such hearing it shall be found that Bates is not a bonâ fide purchaser, that he paid nothing for his deed, or took it with knowledge of the real facts, then the petitioner is entitled to a decree. But if it shall be found that he was a bonâ fide purchaser for a valuable consideration and without notice of the true nature of the transaction, the bill will be dismissed as against him.

In this opinion the other judges concurred.