## LUELLA MILLER ET AL.

### v.

## SARAH C. ROUSER.

*Mortgages—Foreclosure—Fraud—Notes—Statement of Amount Due—
Extent of Relief—Evidence.*

Upon a bill to foreclose a mortgage, it is *held :* ' That without certain
incompetent testimony there was abundant evidence to warrant the finding
of good faith on the part of the mortgagee; that the statement of a larger
amount in one of the notes than was really due did not avoid the mortgage
as to a purchaser without actual notice ; that only definiteness or certainty as
to the amount, not truth in the statement of it, was necessary; and that the
court properly found the amount due on one of the notes, that being the
only one upon which relief was sought.

[Opinion filed May 24, 1887.]

APPEAL from the Circuit Court of McLean County; the
Hon. O. T. REEVES, Judge, presiding.

Messrs. Kerrick, Lucas & Spencer, for appellant.

Mr. W. E. Hughes, for appellee.

Pleasants, P. J.  March 9, 1876, William H. Miller executed to appellee a mortgage of certain lots in Bloomington to secure two notes of even date, one for $285.49, due in one year, and the other for $2,000, due in four years, with interest at ten per cent. per annum.  It was duly recorded on the same day.

In October, 1883, he died intestate leaving three daughters, all minors, his only heirs.  Administration was never granted upon his estate.

In July, 1884, appellee filed the bill herein against them to foreclose the mortgage, describing it and the notes, stating that they were given for an indebtedness in their aggregate amount and were unpaid; but making the smaller one only an exhibit and expressly limiting the relief sought to the claim upon it.  Answers were put in by the defendant Luella Miller, who had attained her majority, and for the others by guardian *ad litem*, calling for strict proof, to which replications were duly filed.

In July, 1877, Samuel Colvin recovered a judgment against said mortgagor, and under execution thereon two of the lots embraced in the mortgage were sold to his son, who obtained a Sheriff's deed therefor, and afterward conveyed to him.  He also was then, on his own petition, made defendant, filed an answer denying all indebtedness from Miller to complainant, and by cross-bill charging that the mortgage was made to hinder and defraud his creditors, asked to have it set aside as a cloud upon his own title.  Mrs. Rouser answered denying the fraud charged.

On final hearing upon the pleadings and proofs the court dismissed the cross-bill and granted the relief sought by the original bill, finding that there was then due and owing upon the note the sum of $567.60 and that the mortgage was to that extent a valid lien on the premises paramount to the right of the defendants or any of them.

Mrs. Rouser, rebutting, testified in her own behalf as to the

consideration of the note.    Except so far as it was her version
of the interview with the guardians of the girls, to which they
had previously testified at the instance of the defendants, her
statements may have been incompetent under the statute.
Her mortgage covered other property besides that embraced
in Colvin's deed, and in reference to that, at least, the heirs of
Miller had an interest to be affected by them.

But without her testimony, we think, there was abundant
evidence to warrant the finding of good faith on her part in
taking the mortgage.    That there was an indebtedness from
Miller to her in a sum very much larger than is specified in
the note seems to be fairly proved.    Just how that sum came
to be specified is not clear, but it is not improbable that it was
the principal of one of the notes she had surrendered, with
interest added.    The evidence exhibits some peculiarities in
relation to the larger one which would be more noticeable if
the parties had not been brother and sister and comparatively
uninstructed in matters of that kind.    But it may well be be-
lieved that the intention was to fix a sum large enough to cover
the indebtedness already existing in items that were not ascer-
tained and some, perhaps, not specifically recalled, together with
others then contemplated, but uncertain both in character and
amount, and that it was entirely honest on her part, if not on
his also.

It is further argued that the statement of a larger amount
to be secured than was really due, of itself avoids the mort-
gage as to Colvin, who afterward purchased the mortgaged
premises without actual notice of its existence.

We think the authorities cited for this proposition and the
principle on which they rest apply only to securities that
state neither a definite amount nor any such *data* respecting
it as would put any one interested in the inquiry upon the
track leading to its discovery.    Metropolitan Bank vs. God-
frey, 23 Ill. 531; Battenhousen v. Bullock, 11 Ill. App. 665;
Bullock v. Battenhousen, 108 Ill. 28.    The requisite intended
by these cases and by the registry acts is definiteness or cer-
tainty as to the amount, and not truth in the statement of it.
What the statute designed to secure to creditors and subse-
quent purchasers is notice of the amount to which the premises

Miller v. Rouser.

appear to be incumbered.    This was definitely given to Colvin by the record of this instrument.    The truth or accuracy of its statement was a matter for further inquiry by him, if he chose to make it, and such inquiry was proper to be made on the hearing, not only to ascertain the real amount existing but also to discover the intention of the parties as bearing upon the question of actual fraud, which the court was to determine, and if no actual fraud was found, the inaccuracy of the statement would not of itself avoid the instrument.

Again, it is claimed that the court erred in not finding the amount due upon the other note.    For this no reason is suggested by counsel or perceived by us.    No relief was sought upon that note.    It was not in question.    The effect of a foreclosure and sale for non-payment of one only will be proper for consideration, if and when it shall be sought for non-payment of the other.    The decree showed the exact amount found due on the only claim made by the bill, and for which, in default of payment, the premises were ordered to be sold. That was the extent of the court's duty in that behalf, in such a case as this.    If Colvin, by his cross-bill, had admitted some amount as due and asked the court to ascertain it, that he might redeem the premises by its payment, it might have been otherwise.    But he did not seek to redeem.    He sought to have the mortgage set aside, absolutely, as fraudulent and a cloud upon his title.    He attempted to establish the allegation of fraud by the evidence offered respecting the large note. The single issue made between him and the complainant in the original bill was on this allegation.    On that the court found against him, and properly dismissed his cross-bill. Nothing then remained but to make a decree on the original bill, according to the allegations and proofs, and these did not touch the larger note.    In Hards v. Burton, 79 Ill. 504, it was said of notes not yet due, and for which, therefore, no foreclosure was then sought, that for that reason " the court was wholly unauthorized to make any decree with reference to them."

Perceiving no material error in this record the decree will be affirmed.

*Decree affirmed.*