WILLIAM B. OGDEN *et al.*, Appellants, *v.* CARLOS HAVEN *et al.*, Appellees.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

Facts and circumstances, which are sufficient to put a prudent man, who was about to purchase land, on inquiry as to the title, will be notice against a purchaser at sheriff's sale.

THE defendants in error filed their bill against the plaintiffs in error, to redeem the undivided half of the south half of section three and of section ten, town 39 north, range 12 east of the third principal meridian, from a mortgage executed by Jeremiah Tooley, in 1838, to Simon Z. Haven, for $290, and which was assigned by said Haven to said Ogden, on the 22nd of September, 1841.

The plaintiffs in error deny the right of the defendants in error to make such redemption on two grounds:

1st. Because the plaintiff, Ogden, as they allege, has acquired an absolute title to the land under certain proceedings, in an attachment suit, commenced by Ogden in the name of Butler, on the 11th of Oct., 1839, against Simon Z. Haven; and

2nd. Because said Ogden bought said land at tax sale for the taxes of 1841, and procured tax deeds for the same, which they allege constituted claim and color of title made in good faith, under which they say Ogden paid all the taxes assessed for more than seven years.

The writ of attachment was issued Oct. 18, 1839, and was levied on the land, Oct. 30, 1839. It does not appear that the sheriff filed any certificate of his levy in the recorder's office. Judgment was entered in the attachment suit, May 7, 1841, and execution issued June 28, 1841, under which the sheriff sold the land to Henry Smith, who purchased for Ogden, July 22, 1841, and the sheriff, in pursuance of said sale, conveyed

the land, Feb. 17, 1845, to Ogden, and the deed was recorded June 17, 1845. Haven conveyed the land to said Tooley, Dec. 16, 1836.

A decree was made on the 3rd day of April, 1858, which is as follows:

That the complainants be permitted to redeem the premises in controversy, from the mortgage of Jeremiah Tooley to Simon Z. Haven, and assigned by him to said Ogden, and that it be referred to a master in chancery of Cook county, to take an account of what is due to defendants on said mortgage for principal and interest, and for taxes paid on said premises since the assignment of the said mortgage, by Simon Z. Haven to William B. Ogden, and interest on the same from the times of payment thereof till the time such an account shall be taken by said master in chancery; and what shall be certified by said master to be due to said defendants, for principal and interest and taxes and interest, it is ordered that the complainants pay to the defendant, Ogden, within six months after the said master shall have made his report, and the same shall have been confirmed; and that upon such payment, the defendants do convey and surrender the said mortgaged premises unto the complainants, or unto such other person as they shall direct, free and clear of all incumbrances done by them, or any person or persons claiming by, through or under them. But, in default of such payment, ordered, that complainants stand dismissed from court with costs.

The report of the master in chancery, dated June 1, 1859, was filed June 15, 1859.

By this report it appears that the amount due from complainants to defendants, upon said mortgage, principal and interest, for taxes paid and interest thereon, is $1,328.55, which sum is made up as follows:

| | |
|---|---:|
| Principal sum of mortgage debt | $290 00 |
| Interest thereon for 20 years and 4 months, at 7 per cent | 412.76 |
| Taxes paid on the land in question, from 1842 to 1857 inclusive, with interest on the same to Feb. 1, 1859 | 613.55 |
| Interest on last item, from Feb. 1 to June 1, 1859 | 12.24 |
| | $1,328.55 |

The master was of opinion that an order should be entered, directing the payment, by the complainants to the defendants, of the above sum of $1,328.55, with interest from June 1, 1859, until paid in full, for the redemption of said mortgaged premises, as against the mortgage debt and interest thereon, and all taxes and disbursements on account of said premises, and interest thereon up to said 1st day of June, 1859.

The final decree, confirming in all things the report of the master, was made on the 23rd day of July, 1859.

From this decree the defendants prayed an appeal, which was granted.

CATON, C. J.   The only question in this case which it will be necessary to investigate, is that of notice.   Had the 25th section of the 57th chapter, R. S., been in force at the time of the levy of this attachment, the want of leaving a copy of the levy with the recorder till after Ogden was confessedly notified of the conveyance from Haven to Tooley, would have given that conveyance a priority over the attachment; but that section was not incorporated into our attachment law till 1841, and can have no influence upon this case.

But we think Ogden is chargeable with actual notice of this conveyance by Tooley at the time he sued out the attachment. A little over two years before that time, and while Haven was owing this very debt, Tooley called on Ogden at his office in Chicago, and informed him that he had purchased this land of Haven, on Haven's representation alone, and informed him of the price he had paid for it, and inquired of the quality and location of the land, and asked his opinion of the bargain. Ogden said he was well acquainted with the land, and thought the purchase a safe one.   When about to commence the attachment suit, Ogden examined the records for the purpose of seeing what lands had been conveyed to Haven and what he had conveyed away, with the purpose of attaching all, the title of which was apparently in him.   At that time the mortgage from Tooley to Haven of these same lands was on record.   We think the presumption of fact as well as of law, is that Ogden, at that time, saw the record of that mortgage.   Finding the title in fee in Haven, and subsequently a mortgage to him from a third person, was well calculated to excite suspicion that Haven must have conveyed the land to Tooley by some conveyance not recorded.   Would any prudent man, about to purchase this land of Haven, finding this mortgage to him, refrain from asking an explanation of this circumstance ?   Were not these facts sufficient to awaken inquiry in the mind of a reasonably cautious man about to purchase, and who would lose the purchase money if it should turn out that Haven had sold the land by some unrecorded deed ? for this is the measure of obligation and good faith resting upon Ogden to make inquiries as to any such conveyance.   But if this circumstance of itself was not sufficient to put Ogden on inquiry as to any unrecorded conveyance, it was sufficient to awaken suspicion and to bring to his remembrance the fact that this same Tooley, the mortgagor, had

but little over two years before told him of his purchase of Haven of these same lands, and consulted him in regard to that purchase. We agree that the bare fact that he had at some former time been told of this purchase by Tooley, would not be sufficient to establish the notice, unless all the circumstances would lead to the reasonable conclusion that the fact was within his remembrance at the time of the attachment. But such we think to be the reasonable and necessary inference in this case. We are of opinion that Mr. Ogden is chargeable with both actual and constructive notice.

We do not think it necessary to decide the other question arising in this case, as the conclusions already arrived at must affirm the decree.

*Decree affirmed.*