JOHN S. RUSSELL *et al.*

*v.*

JAMES RANSON.

</div>

1. MISTAKE—*proof, as against subsequent incumbrancer.* As against a subsequent incumbrancer, the admission of the mortgagor of a mistake in the starting point of the boundaries of the prior mortgage is not sufficient evidence. To affect such subsequent incumbrancer's rights, there

must be proof of the mistake, and that he had notice of it at the time he took his mortgage.

2. SAME—*proof of mistake and notice.* In this case a party gave the complainant a mortgage on a lot described by metes and bounds, and as commencing "fifty feet, nine inches and thirty feet east of the north-west corner" of a certain quarter section of land, being the same description as in the mortgagor's deed under which he held possession of the premises, commencing fifty feet nine inches *south* and thirty feet east of the north-west corner of the quarter. The mortgage was duly recorded, and the mortgagor subsequently gave a second mortgage to the defendants on the lot by its number as laid off. The defendants, in their answer, admitted that they knew the first mortgage covered part of the lot described in their mortgage: *Held,* that the facts were sufficient to show the mistake and charge the defendants with constructive notice of that fact.

3. NOTICE—*what amounts to.* Whatever is notice enough to excite attention and put a party on his guard and call for inquiry, is notice of everything to which such inquiry might have led, and every unusual circumstance is a ground of suspicion, and prescribes inquiry.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

This was a bill in chancery, filed by James Ranson against Elijah Cobb, John S. Russell and George S. Russell, to foreclose a mortgage given by Cobb, and to correct an alleged mistake therein. The case was consolidated with a bill also filed by the Russells against Cobb to foreclose a mortgage subsequently given by Cobb to them. The facts of the case in relation to the mistake and notice thereof to the Russells are stated in the opinion.

Messrs. KETCHAM & TAYLOR, for the appellants.

Messrs. DUMMER & BROWN, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the 10th day of September, 1867, Elijah Cobb executed a mortgage to James Ranson, the appellee, to secure the payment of a promissory note for $1000, on certain premises described as follows: "Commencing 50 feet 9 inches and 30

feet east of the north-west corner of the south-west quarter of section 21, in township 15 north, of range 10 west of the third principal meridian, running thence east 180 feet, thence south 53 feet 9 inches, thence west 180 feet, thence north 53 feet and 9 inches, to the place of beginning." The mortgage was recorded on the same day it was given.

On the 26th of May, 1871, Cobb, to secure the payment of a promissory note for $1360.70 to J. S. and G. S. Russell, the appellants, executed to the latter a mortgage on premises described as "lot 3, in block 26, in the city addition to Jacksonville, Morgan county, Illinois," which was recorded May 29, 1871.

The parties both filed their bills in chancery to foreclose their respective mortgages. Ranson, in his bill, alleged that there was a mistake in the description of the premises in his mortgage in respect of the starting point, in the omission of the word "south" next after the words "commencing 50 feet 9 inches;" that with that word supplied in the description, the corrected description would describe the same premises which are conveyed by the mortgage to J. S. and G. S. Russell, to-wit: Lot 3, in block 26, in the city addition to Jacksonville; that the latter had notice of the mistake at the time they took their mortgage; and the bill prayed that the mistake might be corrected; that Ranson might be decreed to have priority, by virtue of his mortgage, over the rights the Russells acquired by their mortgage, as well as for a foreclosure of his mortgage. The two suits were consolidated in the the court below, and, upon hearing had, there was a decree rendered for the correction of the alleged mistake, the foreclosure of the mortgages, and that the Ranson mortgage be first paid.

The Russells appealed from the decree.

The only question is as to the priority of Ranson's mortgage.

The bill having been taken for confessed against Cobb, that would be sufficient evidence of the alleged mistake, and warrant the decree for its correction as against him. But as

against the Russells, to affect their rights, there must be other proof of the mistake, as well as evidence that they had notice of the mistake at the time they took their mortgage. All the evidence in the record is the mortgages themselves, and a few agreed facts. The only evidence we discover therein of the mistake, is, the fact that the premises known and described as lot 3, in block 26, in the city addition to Jacksonville, were occupied by Cobb, by tenant, under a deed from John Mathers to Cobb, and that that deed described the premises purporting to be conveyed by it in the same manner as the mortgaged premises are described in the mortgage from Cobb to Ranson.

We think that, in the absence of any countervailing evidence whatever, premises which one occupies admittedly under a certain deed, may be taken as sufficient evidence that the premises so occupied were intended to be conveyed by the deed; and if the description of the premises in the deed fails to cover the land so occupied, that there was a mistake in the description, in its not so doing, especially where, as in this case, there is an unusual circumstance of description of the starting point of the boundary, indicative of mistake.

But the Russells must be affected with notice of the mistake. They are not shown to have had any actual notice, and the only evidence we find to charge them with constructive notice is the admission in their answer that the tract of land described by metes and bounds in Ranson's mortgage laps over on to lot 3, block 26, in the city addition to Jacksonville, and covers and embraces about 3 feet off of the north side of the east end of said lot. As, then, Ranson's mortgage admittedly covered a portion of lot 3, and was recorded, the Russells had constructive notice of that mortgage.

The description of the starting point in the boundary of the premises in Ranson's mortgage was unusual and unnatural. If the starting point was really 80 feet and 9 inches east of the north-west corner of the quarter section named, it would naturally have been so described, and not as 50 feet

and 9 inches and 30 feet east of the north-west corner. The latter is a strange and unusual mode of description of such a place of beginning. It is suggestive of mistake, and might well excite suspicion thereof.

We are inclined to hold that the peculiarity of the description, coupled with the fact of its taking off the small fraction it did from lot 3, and the deed from Mathers to Cobb, under which the latter occupied the lot he mortgaged to the Russells, containing the same description of premises, were sufficient to have awakened suspicion of a mistake in the description, and to have put the Russells upon inquiry, before taking their mortgage, to ascertain whether there was not a mistake, and that consequently they are chargeable with constructive notice of the mistake, and of the equitable rights of Ranson, and that the mortgage of the latter was properly given priority.

It is familiar doctrine that, what is sufficient to put a purchaser upon an inquiry, is good notice.

In *Kennedy* v. *Green*, 3 Mylne & Keene, it is said, whatever is notice enough to excite attention and put the party on his guard and call for inquiry, is notice of everything to which such inquiry might have led; and it is there further said, that, every unusual circumstance is a ground of suspicion, and prescribes inquiry.

A further question has been discussed in argument, whether there should not have been allowed by the decree a credit for an alleged payment of a portion of interest by having given a note for the same. We discover no evidence upon the subject in the record, and will not further notice it.

The decree will be affirmed.

*Decree affirmed.*