## BENJAMIN STAGG

### v.

## DANIEL SMALL ET AL.

1. VENDOR'S LIEN NOT ASSIGNABLE.—A vendor's lien is not assignable, nor will it be enforced in equity in favor of a third party, who loans money to the vendee, the money loaned being used by the vendee in payment of the vendor's claim.

2. POSSESSION AS NOTICE.—Appellant, by verbal contract, purchased of A a building lot, part of a larger tract which A had purchased from B, and entered into possession, making improvements thereon. Afterwards A gave to appellee a trust deed upon the whole tract purchased by B, including the lot sold to appellant, and such deed was duly recorded. Appellant, without knowledge of the trust deed, subsequently paid to A the full sum agreed upon for the lot purchased by him. In a proceeding by appellant to enjoin a sale advertised under the trust deed, held, that the possession by appellant was full notice of all his equities to their full extent, and in law was equivalent to actual notice to appellee at the time he took his trust deed, and that having paid the purchase price, he holds his lot unincumbered by the trust deed in question.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed July 16, 1879.

Messrs. BROWN & MEERS, for appellant; that a valid contract for the sale of real estate is equivalent in equity to an actual conveyance at law, cited Sutherland v. Harrison, 86 Ill. 368; Lombard v. Chicago Sinai Cong. 64 Ill. 477; Baker v. Bishop Hill Colony, 45 Ill. 264; Baldwin v. Pool, 74 Ill. 97; Borders

Stagg v. Small.

v. Murphy, 78 Ill. 81 ; Seton v. Slade, 7 Ves. 214 ; Rood v. N. Y. R. R. Co. 18 Barb. 80 ; Fitzhugh v. Maxwell, 34 Mich. 138 ; Dart on Vendors, 125.

Open, notorious and visible possession of real estate is notice to subsequent incumbrancers or purchasers of all claims ; White v. White, 11 Chicago Legal News, 249 ; Doyle v. Teas 4 Scam. 202 ; Smith v. Heirs of Jackson, 76 Ill. 254 ; Russell v. Ransom, 76 Ill. 167 ; Partridge v. Chapman, 81 Ill. 137 ; Merrick v. Wallace, 19 Ill. 486; Morrison v. Kelly, 22 Ill. 610 ; Lumbard v. Abbey, 73 Ill. 177 ; Doolittle v. Cook, 75 Ill. 354.

Possession with valuable and permanent improvements will take a verbal contract for sale of lands out of the Statute of Frauds : Adams' Eq., 86 ; Bright v. Bright, 41 Ill. 97 ; Fleming v. Carter, 70 Ill. 286 ; Hamilton v. Rook, 62 Ill. 139 ; Dart on Vendors, 477; Kurtz v. Hibner, 55 Ill. 514; Hawkins v. Hunt, 14 Ill. 42; Wood v. Thornly, 58 Ill. 464.

A vendor's lien is personal and cannot be assigned : Richards v. Leaming, 27 Ill. 431; Keith v. Horner, 32 Ill. 524; Dayhuff v. Dayhuff, 81 Ill. 499; McLaurie v. Thomas, 93 Ill. 291.

The contract and possession constitute a legal title; Staley v. Murphy, 47 Ill. 241; Stow v. Russell, 36 Ill. 18.

Mr. G. D. A. PARKS, for appellees; that appellant was bound to inquire as to the title of his vendor, and hence must be held to knowledge of the vendor's lien, cited Williams v. Brown, 14 Ill. 201; McLaurie v. Thomas, 39 Ill. 291.

The loan being to pay the purchase money, appellee's trust deed is clothed with the equity of a vendor's lien: McCormick v. Wilcox, 82 Ill. 213; Charles v. Lamberson, 1 Iowa, 463; 1 Am. Law. Reg. 650; Curtiss v. Root, 20 Ill. 521; Christie v. Hale, 46 Ill. 117; Broadwell v. Broadwell, 1 Gilm. 599; Mulvoy v. Gibbons, 87 Ill. 382; Jeneson v. Jeneson, 66 Ill. 259; Beach v. Shaw, 57 Ill. 17; Shaver v. Williams, 87 Ill. 472; Dyer v. Martin, 4 Scam. 147; McLaurie v. Thomas, 39 Ill. 291; Beebe v. Austin, 15 Iowa, 477.

Appellant's rights were subject to the original lien, and he is not injured by a change in the form or even the parties to it: Flower v. Elwood, 66 Ill. 438; Fitts v. Davis, 42 Ill. 391.

He who seeks equity must do equity: Phelps v. Harding, 87 Ill. 445; Frisby v. Ballance, 4 Scam. 287; Fanning v. Dunham, 5 J. C. 141; Reed v. Tyler, 56 Ill. 288; Barnett v. Cline, 60 Ill. 205; Altes v. Hinckler, 36 Ill. 266; Hunt v. Rowland, 28 Iowa, 350; Snyder v. Griswold, 37 Ill. 216; Cushman v. Sutphen, 42 Ill. 256; Henderson v. Bellew, 45 Ill. 322; Wickiser v. Cook, 85 Ill. 68; Gibson v. Golds, 27 E. L. & Eq. 596; Mulvey v. Gibbons, 87 Ill. 367; 2 Story's Eq. 693.

Appellant is only entitled to insist that the lot last sold shall, to its full extent, be first applied in payment of the incumbrance, leaving his lot liable only for any deficiency: Guion v. Knapp, 6 Paige, 35; Patty v. Pease, 8 Paige, 277; Taylor v. Short, 27 Iowa, 362; Parkman v. Welch, 19 Pick. 231; Hawke Snydaker, 86 Ill. 197.

Commissions paid by the borrower for procuring a loan do not render the transaction usurious: Ballenger v. Borland, 87 Ill. 513; Condit v. Baldwin, 21 N. Y. 224; Eddy v. Badger, 10 Chicago Legal News, 323.

Where interest has accrued and an action may be brought for its payment, the debtor may stipulate for continued forbearance, and an agreement to pay interest on such interest forborne is valid: Haworth v. Huling, 87 Ill. 26; Booker v. Gregory, 7 B. Mon. 439; Mowery v. Bishop, 5 Paige, 98; 2 Parsons on Con. 429; 1 Hilliard on Mortgages, 424.

Where such interest has been paid it cannot be made the subject of objection by third parties: Henderson v. Bellew, 45 Ill. 322.

Before the trustee's sale could be enjoined it should have appeared that the trustee had the ability and threatened to violate his trust: 2 Jones on Mortgages, § 1801; High on Injunctions, § 10; Tooke v. Newman, 75 Ill. 219.

As to the power of a court of chancery to award costs: Howard v. Bennett, 72 Ill. 297; Frisby v. Ballance, 4 Scam. 287; Harper v. Ely, 70 Ill. 581; 3 Daniel's Ch. Pr.

There should have been a tender of the amount due or an offer in the bill to pay: 2 Jones on Mortgages, § 1806.

LACEY, J. This was a bill in equity, filed in the Circuit Court of Will County, December 1st, A. D. 1877, by appellant

against appellees, for the purpose of enjoining a sale which was then advertised under trust deed, executed by James Stagg to Daniel Small, on the premises in controversy, dated November 24, 1871, and also for the purpose of declaring void the trust deed as to the premises claimed by appellant, and for general relief. On final hearing the bill was dismissed by the Court below, and this appeal was taken.

The substantial facts in the case as appears from the bill, answer and the evidence, are as follows:

It appears that in March, 1871, one Aldrich was the owner in fee of the following described real estate, to wit: beginning at the N. W. corner of block 1, in Alden's addition to the city of Wilmington; thence easterly along the north line of said block 13 rods; thence southerly parallel with west line of said block 8 rods, thence westerly parallel with the north line of said block 13 rods; thence northerly 8 rods, to the place of beginning, in the county of Will.

That by verbal contract Aldrich sold the said real estate to James Stagg for $2150, and that before giving the trust deed in question, Stagg had paid Aldrich $1000 on said purchase. That in March, A. D. 1871, Aldrich had given up possession of said real estate to James Stagg; that after such purchase and taking possession by James Stagg, the latter sold for the sum of $400 a portion of said real estate to appellant, described as follows, to wit: beginning at a point on the north line of said block, 107 feet 6 inches from the N. W. corner; thence southerly at right angles 8 rods; thence easterly at right angles 53 feet 6 inches; thence north at right angles 8 rods to north line; thence west on said line to the place of beginning.

Of this last tract of land the appellant took actual possession and marked it off, and in April, 1871, made garden on it. The contract of purchase however, was verbal.

About the last of August or the first of September, 1871, appellant dug a cellar on the lot and commenced building a house on it, and was actually at work on it November 24, 1871, the date of the trust deed. The house was completed in the early part of winter of the same year, costing $1400 to 1500.

Sometime in the spring of 1872, appellant paid James Stagg,

who was his brother, in full for the said lot, without any notice of appellee's trust deed having been given. On the 24th of November, A. D. 1871, James Stagg executed the trust deed in question to Daniel Small, trustee, for use of Darius Small, to secure the payment of $1200, covering all the real estate purchased by James Stagg of Aldrich. This deed of trust was duly recorded in the same month in which it was executed.

The money secured by this deed of trust was money loaned, and was used by James Stagg to pay off the claim of Aldrich.

On the 25th of November, 1871, James Stagg paid Aldrich in full for the land purchased of him, and got his deed for the same on that day. Appellant got his deed from James Stagg and wife, on the 1st day of March, 1872, but it was not acknowledged by James Stagg and wife till the 16th of March, 1874, for the fear on part of James that he would get himself into trouble on account of having made the trust deed.

A portion of the real estate not sold to appellant and included in the trust deed, was afterwards sold to Carrie P. Linten by James Stagg, and the proceeds applied as a credit on the note, secured by the trust deed.

The sale of appellant's lot, and the balance of the real estate covered by the deed of trust and not sold to Carrie P. Linten, was advertised to be sold under the trust deed, December 3, 1877.

The question in this case is, did Small in any way succeed to the vendor's lien held by Aldrich on his real estate for the purchase money? From the mere fact that James Stagg applied the money borrowed of Darius Small to pay off Aldrich, does it follow that the vendor's lien became transferred from Aldrich to Small? Or does Small in any way become entitled to hold up such a lien in equity, and have a right to compel payment of it to himself? We think not. It is a well settled principle that a vendor's lien is not assignable by the vendor to any third party. From the mere fact of its being assigned, it becomes at once discharged as a lien. A vendor's lien is personal and cannot be conveyed by deed or assignment, by contract. Wing v. Goodman, 75 Ill. 159. The evidence in this case does not even show that Small, at the time the trust deed was executed to

him, depended on the vendor's lien for his security. There is no evidence that he even exacted that the money loaned should be paid to Aldrich in discharge of the latter's claim. He paid it over to Stagg, and Stagg paid it, of his own volition, to Aldrich. Daniel Small, who was Darius' agent in taking the trust deed, appears to have depended entirely on his deed and the lien secured by it for his security. It is insisted on the part of counsel for appellees, that although they admit that a vendor's lien is not assignable, yet, in equity, the appellant should not be allowed the relief asked, on the ground that he who asks equity must do equity. But in this case it will be seen that there are no equities for appellant to do. Aldrich has been fully paid; he can have no equity; his lien is discharged. He could not legally assign or transfer the benefit of his lien to appellees. Appellees not having succeeded to the lien, cannot, either at law or in equity, ask to have any portion of this real estate sold on account of it. They can alone depend on their trust deed. Hence, so far as the vendor's lien is concerned, there are no equities to do, or payments to make on the part of the appellant, precedent to the relief asked for in his bill. Does then the trust deed take precedence of the title of appellant? The appellant was in the visible and notorious actual possession of the lot he claims, and had made valuable improvements on the premises under his purchase, at the date of the trust deed. He had a verbal agreement, with a price fixed for the purchase of the lot. Without notice of the existence of the deed of trust, he actually paid the full price of the purchase money, $400, to his vendor. The trust deed of appellees might have operated to transfer the right to appellees, to receive the purchase money from appellant, if they had notified him of their claim and demanded it. But they did not do this. Doolittle v. Cook, 75 Ill. 354.

The possession by appellant was full notice of all his equities, to the full extent of those equities, and in law was equivalent to actual notice to the appellees at the time they took the trust deed. Doyle v. Teas, 4 Scam. 123, 202; Smith v. Heirs of Jackson, 76 Ill. 254; Russell et al v. Ranson, 76 Ill. 167; Partridge v. Chapman, 81 Ill. 137.

Many other cases might be cited, but the principle is too well

settled to need citation of authorities.   Since the date of the trust deed in question, appellant has paid the purchase money in full to James Stagg, his vendor.   James Stagg and wife have executed to him their general warranty deed.  This, as we must hold, invests him with title in fee simple, unincumbered by the trust deed in question.

The Court below should have granted the relief sought.   It was error to dismiss the bill.   The decree of the Court below is therefore reversed and the cause remanded, with instruction to the Court to render a decree consistent with this opinion.

Reversed and remanded.