## C. D. Myers v. Samuel Perry.

1. NOTICE—*What is Sufficient to Put Upon Inquiry.*—A mortgage of lands properly on file in the recorder's office, from the descriptions of the lands in which, the "township" was inadvertently omitted by the scrivener who drew it, is nevertheless sufficient to put judgment creditors of the mortgagor upon inquiry as to what particular lands the parties to the mortgage in question intended to have it apply.

2. SAME—*Matters Sufficient to Put a Party Upon his Guard.*—Whatever is notice enough to excite attention and put a party on his guard and call for inquiry, is notice of everything to which such inquiry might have led, and every unusual circumstance is a ground of suspicion and prescribes inquiry.

**Bill,** to foreclose mortgage and for relief. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 2, 1897.

### STATEMENT OF THE CASE.

On the 2d day of September, 1895, William Schweiman being the owner thereof, attempted to mortgage to Samuel Perry, the following described real estate, to wit:

Lots nine (9) and seventeen (17), in the subdivision of the northwest quarter of section twenty-nine (29), and also the south half of the northeast quarter of the northeast quarter of section thirty (30), except therefrom six and eighty-hundredths (6 80-100) acres off of the west side, *all in township twenty-four (24) north,* range one (1), east of the third principal meridian, in McLean county, Illinois. But by a mistake of the party drawing the mortgage, the italicized words in the above description were omitted.

On the 11th day of September, 1895, this mortgage was filed for record and recorded in book 149 of mortgages, page 545, in the recorder's office of said McLean county.

While the title to the above described real estate continued to be unchanged, appellant, on October 6, 1896, obtained a judgment against said William Schweiman in the County Court of said McLean County and placed an execution issued thereon in the sheriff's hands.

On October 19, 1896, appellee filed his bill in chancery to foreclose the said mortgage and in the same proceeding sought to correct the mistake in the description of the land described therein, so as to supply the number of the townships, and to subject the land to sale under his mortgage, claiming that his mortgage as corrected, was a prior and first lien on the premises above described, and making appellant a party.

To the bill, appellant filed his answer, setting up his judgment, its amount, date, etc., and asked the court to decree that it have such priority to said mortgage as the law entitled it to. Afterward the cause was referred to the master, and finally came to a decree, in which the court corrected the description in appellee's mortgage and held that it was a prior and first lien on the real estate above described and should be first paid in full, and that appellant's judgment lien was junior thereto.

From this decree appellant appeals and brings the case to this court.

JESSE E. HOFFMAN, attorney for appellant.

As against subsequent incumbrancers a mistake in a deed will not be corrected, without clear and positive averments, supported by positive proof. Bent v. Coleman et al., 89 Ill. 364.

A judgment creditor has the same rights as against a prior unrecorded deed or mortgage as a purchaser. Without notice both are protected. Massey v. Westcott et al., 40 Ill. 160; Guiteau v. Wisely, 47 Ill. 433.

Unless notice can be brought home to a judgment creditor, before his lien attaches, the complainant's case must fail. And further, in the same case, " The judgment lien attaches to whatever interest the record shows in the judgment debtor, in the absence of *actual notice* from other sources; and is not restricted to what the debtor really *owns*." Massey v. Westcott, 40 Ill. 160.

The judgment lien having been perfected before that of the mortgage, was thereby entitled to priority. Guiteau v. Wisely, 47 Ill. 433.

WELTY & STERLING, attorneys for appellee.

A judgment creditor has no equities superior to a *bona fide* purchaser, and whatever notice will affect the latter must in like manner affect the former. Milmine v. Burnham, 76 Ill. 362; Citizens Nat. Bank v. Dayton, 116 Ill. 257.

A party having notice of such facts as would put a prudent person on inquiry, is chargeable with notice of other facts to which by diligent inquiry and investigation he would have been led. Citizens Nat. Bank v. Dayton, 116 Ill. 257; Bent v. Coleman, 89 Ill. 364; Russell v. Ranson, 76 Ill. 167. .

Whatever is notice enough to excite attention and put a party on his guard and call for inquiry, is notice of everything to which such inquiry might have led, and every unusual circumstance is a ground of suspicion and prescribes inquiry. Russell v. Ranson, 76 Ill. 167; Merrick v. Wallace, 19 Ill. 486.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

In this proceeding appellee seeks to correct a mistake in the description of the land described in his mortgage, as made and recorded, by having supplied the number of the township, which was omitted by mistake of the scrivener, and when so corrected to have the court decree that the indebtedness secured by his mortgage be the first lien upon said land, from the date of the recording of the mortgage. The court below having decreed appellee the correction and first lien as sought by him, appellant asks this court to reverse so much of said decree as gives appellee priority of lien on his mortgage indebtedness over the lien of his judgment and execution, as his lien was perfected before appellee filed his bill herein to have said correction made. Therefore the only question presented by this record is the right of appellee to the priority of lien given him by said decree as against appellant.

No actual notice of the omission in the description of the premises is shown to have been given appellant, by the

evidence in this record, before appellee filed his bill in the court below, except that which the law would charge him with, upon the inspection of the recorded mortgage containing the omission. It is contended by appellant that the rule that "what is sufficient to put a party on inquiry is notice of whatever the inquiry would have disclosed," has no application where there is no actual notice, but the rule applies only to actual and not to constructive notice; while the appellee contends that the rule that should be applied to the facts in this record is that "whatever is notice enough to excite attention and put a party on his guard and call for inquiry, is notice of everything to which such inquiry might have led, and every unusual circumstance is a ground of suspicion and prescribes inquiry;" and that constructive notice of these facts is sufficient. When we examine the description in this mortgage as written and recorded, it will occur to the mind of any reasonable person that without supplying some township to the description of the premises as therein set forth, no particular land is in fact described; but from the entire mortgage, as written and recorded, the parties thereto did in fact intend to describe therein some particular land. In the chain of title to the particular land in question in this proceeding, the land records of McLean county disclose, as shown by the evidence in this case, that appellee had conveyed this land in question a short time before this mortgage was made, to the mortgagor, and he, the mortgagor, had given appellee a mortgage thereon, which mortgage was satisfied the same day that the mortgage in question was made. These facts, we think, were sufficient to put appellant upon inquiry as to what particular land the parties to the mortgage in question intended to have it apply; and he ought to have made inquiry of appellee as to the matter, and had he so applied to appellee he would have doubtless ascertained from him that the land in question was the land intended to be described in this mortgage. See Merrick v. Wallace, 19 Ill. 486; Bent v. Coleman et al., 89 Ill. 364; Bank v. Dayton, 116 Ill. 257; Russell v. Ranson, 76 Ill. 167. Appellant

presses upon our attention the case of Munford v. McIntyre, 16 Ill. App. 316, and insists it is decisive of this case, but as we view it, that case was properly decided and does not militate the least against what we hold in this case; there the mortgage described perfectly a tract of land in section thirteen and it was sought to correct the mortgage as against subsequent creditors without notice and make the mortgage apply to land in section twelve; and the Appellate Court of the Fourth District properly held that it could not be done, because the mortgage in question in that case, and the record thereof, showed a perfect description, therefore it contained nothing to excite suspicion and thus put the judgment creditors in that case upon inquiry. We are also referred by appellant to the case of Battenhausen v. Bullock, 11 App. 665, which was affirmed in 108 Ill. 28. In that case it was sought, as against a subsequent *bona fide* purchaser for value, to correct a deed of trust, which failed to give any amount of indebtedness which it secured, so as to make it secure a $6,000 note not described in the deed of trust, and the Appellate and the Supreme Court both properly held this could not be done, because the policy, if not the letter of our statutes, requires in all cases of mortgages and deeds of trust, that a statement therein and upon the record thereof, of the amount of indebtedness secured, should be made, and many evils are pointed out in the opinion of the Supreme Court in that case, that would arise if such statement of the amount of indebtedness secured was not required to be made in the mortgage and upon the record, to bind subsequent purchasers and judgment creditors without actual notice.

The case is clearly distinguishable from this case, in principle, we think, and therefore is not applicable to this case.

For the reasons above, we affirm the decree of the court below in this case. Affirmed.