### John J. Dunn et al. v. Robert E. Burke.

#### Gen. No. 13,197.

TRUST DEED—*what does not render void.* If a trust deed recites a consideration, but in describing the notes secured does not specify their amount or amounts, parol evidence is admissible to supply the defects, and the trust deed is not void.

Foreclosure. Error to the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed October 28, 1907.

Dunn et al. v. Burke.

E. W. ADKINSON, for plaintiff in error.

FRANK L. CHENEY, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The writ of error here sued out brings before us for review the proceedings in the foreclosure of a trust deed in the nature of a mortgage of certain real estate situate in Cook county, so far as the same affects the claimed rights of the plaintiff in error, John J. Dunn, as a creditor of the mortgagor, Catherine Bagley, now deceased, whose claim has been allowed against the estate of Catherine Bagley in the Probate Court of Cook county. The contentions rest within a very narrow compass. In their finality they resolve themselves into the one question, which is, does the case of Bullock v. Battenhousen, 108 Ill., 28, on principle both in law and fact control the decision which should be here rendered.

In the trust deed in evidence in the foreclosure suit the consideration is recited as being the sum of twelve hundred dollars, and the indebtedness is set forth in the following words:

"Whereas the said grantors herein are justly indebted upon their four promissory notes bearing even date herewith, payable to the order of themselves and by them endorsed and delivered, and due and payable on or before one year after the date thereof, with interest thereon at the rate of ...... per cent per annum, payable semi-annually as follows, to-wit: On or before the 6th day of November, A. D. 1898, and the 6th day of May, A. D. 1899."

There were introduced and received in evidence before the master, upon the hearing, four notes, each for the sum of three hundred dollars, with interest at seven per cent per annum, which in all respects, except as to the amounts and rate of interest, were in accord with the attempted descriptive recitation of them in the trust deed.

We think that the case of Bullock v. Battenhousen, *supra,*

is clearly distinguishable from the case before us, and that this case is more analogous to the doctrine announced in Babcock v. Fisk, 57 Ill., 327, and Farrar v. Payne, 73 *ibid.* 82.

The decision of this court in Battenhausen v. Bullock, 11 Ill. App., 665, the reasoning of which was in terms adopted by the Supreme Court in its opinion upon further review, was grounded upon the fact that "the deed of trust contained no statement of the amount of the indebtedness thereby sought to be secured; nor does it contain any language from which the amount can be ascertained or inferred. After naming the parties the deed recites as follows: 'Whereas said Eben F. Runyan has made his promissory note bearing date the 11th day of June, A. D. 1872, payable to the order of John M. Bullock five years after date, with interest at the rate of 10 per cent per annum.' " There was no reference in any part of the trust deed in the Bullock case to the amount of any indebtedness by way of consideration or otherwise. On its face the trust deed was a nullity and clearly created no lien, and was not entitled under the statute to be received for record. While the Bagley trust deed was deficient in not setting forth with due particularity the amount of the four notes in the description of them, yet we are inclined to the opinion that the consideration of twelve hundred dollars recited in the trust deed was sufficient to put all persons acquiring interests in or claims against the real estate conveyed upon notice that the trust deed at least inferentially created a lien to the extent of the recited consideration until the contrary could be made to appear by an examination of the notes insufficiently described in that instrument. In conveyances of the nature of the trust deed here challenged the indebtedness secured is by custom prevailing in this jurisdiction uniformly identical with the amount of the expressed consideration. The failure to recite the amount of the four notes was so clearly a mistake that in view of the other recitations of the trust deed, parol evidence was properly permitted to supply such evident defect. The *bona fides* of the transaction is in no way at-

tempted to be impeached. In this respect the case materially differs from the Bullock case, *supra*. No party to this record has been misled to his injury by any omission, the fact in relation to which could not have been readily ascertained upon due inquiry. The claim of plaintiff in error Dunn proven against the estate of Catherine Bagley in the Probate Court creates no lien upon the property conveyed by the Bagley trust deed paramount to the rights of defendant in error as the lawful holder of the evidence of indebtedness secured thereby. Such claim is subject and subordinate thereto.

In the decree of the Circuit Court there is no error, and it is therefore affirmed.

*Affirmed.*