Polo State Bank, Appellee, v. Harry Typer, Conservator of George W. Hey, Appellant.
Polo State Bank, Appellee, v. Jennie Hey, Appellant.

Gen. No. 7,915.

Opinion filed July 30, 1928.

H. A. BROOKS, for appellants.

FRED ZICK and ROBERT M. BRAND, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.
Suit was instituted in the county court of Ogle county by appellee against appellants for the determination of the rights of property. Appellee's claim is based on a chattel mortgage, dated February 28, 1927, which recites that "Charles R. Hey, of the Town of Woosung, in the County of Ogle and State of Illinois, in consideration of the sum of $2,100, to him paid by Polo State Bank of the County of Ogle and State of Illinois, receipt whereof is hereby acknowledged, does hereby grant, sell," etc., "to the said Polo State Bank" certain described cows, hogs, horses, mules, etc. The claim of appellant Harry Typer, as conservator for George W. Hey (the father of said mortgagor), is based on a judgment against the said Charles R. Hey for $6,367.00, taken on a note for $5,200.00, dated Jan-

uary 30, 1925, signed by said Charles R. Hey. The claim of appellant Jennie Hey (the mother of said mortgagor) is based on a judgment against him for $6,296.18, taken on a note for $4,800.00, dated November 28, 1927.

Said trials between appellee and said respective appellants were, by agreement, consolidated and tried as one case before the court without a jury. A finding was made and judgment rendered in favor of appellee. To reverse said judgment, this appeal is prosecuted.

Counsel for appellants states in his brief and argument: "If the chattel mortgage is good, then plaintiff should prevail in this case."

Section 1 of chapter 95, Cahill's Statutes, provides as follows:

"That no mortgage, trust deed or other conveyance of personal property having the effect of a mortgage or lien upon such property, shall be valid as against the rights and interests of any third person, unless possession thereof shall be delivered to and remain with the grantee, or the instrument shall provide for the possession of the property to remain with the grantor, and the instrument is acknowledged and recorded as hereinafter directed; and every such instrument shall, for the purposes of this Act, be deemed a chattel mortgage."

That the mortgage here in question complies with the above requirements is practically conceded by counsel for appellants. It is insisted, however, that said mortgage is void because it does not state the date of maturity, whose note is secured, who the maker or payee is, or what amount, if any, the mortgagor owes the mortgagee.

Where a chattel mortgage is otherwise sufficient and regular, it is not necessary to its validity that the time of maturity of the indebtedness secured thereby be stated. *Farrar v. Payne,* 73 Ill. 82–88; *Peck v. Logsdon,* 84 Ill. App. 420–423. In *Farrar v. Payne, supra,*

the court, in discussing a question of this character, at page 88 says:

"Of a similar nature is the objection that the trust deed did not mention the time of payment of the note, and subsequent purchasers of the equity of redemption could not know that the note was due; but that could have been ascertained, if needed, by resort to Gibbons, the holder of the note. On its production, the note appears to be one payable one year and ten days after its date."

The note secured by the mortgage here in question, omitting the provision with reference to judgment by confession, is as follows:

"$2,100.00                    Polo, Illinois, Feb. 28, 1927.

"One year after date, I, or we, or either of us, promise to pay to the order of POLO STATE BANK Twenty-one Hundred Dollars, value received, with interest at 7 per cent per annum, payable semi-annually from date until paid.  *  *  *

"This note is secured by chattel mortgage of even date."

Said mortgage, among other things, provides: "That if said mortgagor shall well and truly pay unto the said mortgagee one note of even date herewith, for the principal sum of $2,100, bearing interest from date at 7% per annum, the said note stating on its face that it is secured by a chattel mortgage. Then this mortgage is to be void, otherwise to remain in full force and effect.  *  *  *  And the said mortgagor hereby covenants and agrees that, in case default shall be made in the payment of the note as aforesaid, or any part thereof, or the interest thereon, on the day or days which the same shall become due and payable; or if the mortgagee shall feel itself insecure," etc., then that appellee might take possession of and sell said mortgaged property. This language was sufficient to give notice to third parties of an indebtedness

of the mortgagor to the mortgagee; that said indebtedness was represented by a note of even date therewith for the principal sum of $2,100.00, with interest, and that, if said note or the interest thereon, were not paid when due, the mortgagee had the right to foreclose said mortgage to enforce payment thereof.

It is insisted by appellants that, the statute with reference to chattel mortgages being in derogation of the common law, the doctrine of constructive notice does not apply as in other cases. Numerous authorities were cited in support of this proposition. An examination of these authorities will disclose that the facts involved were not similar to the facts in this case.

In *Battenhousen v. Bullock,* reported in 11 Ill. App. 665, and 108 Ill. 28, cited by appellants, the chattel mortgage failed to state the amount of the note or indebtedness sought to be secured. At page 36, the Supreme Court says: "If a mortgage is given to secure an ascertained debt, the amount of that debt should be stated, and if it is intended to secure a debt not ascertained, such data should be given respecting it as will put anyone interested in the inquiry upon the track leading to a discovery."

The recitals of the mortgage here in question were sufficient "to put anyone interested in the inquiry upon the track leading to a discovery" as to when the indebtedness secured would mature.

The opinion in *Jones v. Noel,* 38 Ill. App. 374, states that a chattel mortgage, to be valid as against third parties, must show the time of the maturity of the indebtedness secured thereby, and in effect supports the contention of appellants. This case was appealed to the Supreme Court, and is reported in 139 Ill. 377. While the judgment was affirmed, an examination of the opinion of the Supreme Court discloses that the failure of the mortgage to state the time of maturity of the indebtedness had nothing to do with the deci-

sion of the case. The case was affirmed on an entirely different theory, and the question with reference to the maturity of the indebtedness was not discussed. In certain of the cases cited by counsel, the mortgages were held invalid as against third parties for the reason that the amount of the indebtedness secured was not stated, or because of a misdescription of the property, or a failure properly to acknowledge the mortgage—all being questions not applicable to the record in this case.

In *Dunn v. Burk,* 139 Ill. App. 12, the court at page 14 says: ''While the Bagley trust deed was deficient in not setting forth with due particularity the amount of the four notes in the description of them, yet we are inclined to the opinion that the consideration of twelve hundred dollars recited in the trust deed was sufficient to put all persons acquiring interests in or claims against the real estate conveyed upon notice that the trust deed at least inferentially created a lien to the extent of the recited consideration until the contrary could be made to appear by an examination of the notes insufficiently described in that instrument. In conveyances of the nature of the trust deed here challenged the indebtedness secured is by custom prevailing in this jurisdiction uniformly identical with the amount of the expressed consideration. The failure to recite the amount of the four notes was so clearly a mistake that in view of the other recitations of the trust deed, parol evidence was properly permitted to supply such evident defect.''

As a general proposition, whatever is sufficient to put a party upon inquiry which would lead to the truth is in all respects equal to and must be regarded as notice. *Chicago, R. I. & P. R. Co. v. Kennedy,* 70 Ill. 350–362; *Russell v. Ranson,* 76 Ill. 167–171; *Blake v. Blake,* 260 Ill. 70–75. One having notice of such facts as would put a prudent man on inquiry, is chargeable with the knowledge of other facts which he

might have discovered by diligent inquiry. *Morrison v. Kelly,* 22 Ill. 610–624; *Ogden v. Haven,* 24 Ill. 57–59; *White v. Kirby,* 42 Ill. 510; *Henneberry v. Morse,* 56 Ill. 394–396; *Harper v. Ely,* 56 Ill. 179–194; *Slattery v. Rafferty,* 93 Ill. 277–288; *Parker v. Merritt,* 105 Ill. 293–300; *Harris v. McIntyre,* 118 Ill. 275–283; *Chicago & E. I. R. Co. v. Wright,* 153 Ill. 307–311.

In 11 Corpus Juris, 474, section 105, the author, in the chapter on chattel mortgages, says: "All the particulars of a note secured need not be stated in the mortgage if enough is given to identify it with reasonable certainty."

The provisions of the mortgage in question were notice sufficient to put interested third parties on inquiry as to the rights of appellee under the same.

It was also contended by counsel that, to enforce the doctrine of constructive notice would be to require interested third parties, in many cases, to ascertain the facts with reference to maturity, payments, etc., from indorsees of the various notes secured by such mortgages; that such notes in the course of business might be scattered throughout the country, making it practically impossible for such third parties to protect themselves. This point is not well taken. Notes secured by chattel mortgage, to be valid in the hands of an indorsee, must state on their face that they are secured by chattel mortgage, and they are incapable of assignment so as to cut off equitable defenses of the maker. They are therefore not the type of negotiable paper which is largely dealt in. In this particular case, there was but one note, and it was held by appellee, the mortgagee.

For the reasons above set forth, the judgment of the trial court will be affirmed.

*Judgment affirmed.*