## JACOB KAYSING

*v.*

## JAMES W. HUGHES.

61  123
84a 423

1. CHATTEL MORTGAGE—*validity of.* In the commencement of a chattel mortgage the consideration therefor was stated to be $601.25, while the debt, afterwards accurately described, and to secure which the mortgage was given, was a much smaller sum: *Held,* that such discrepancy between the consideration mentioned and the sum secured did not affect the validity of the mortgage—did not render it fraudulent *per se* and void.

2. The mortgage was not, for that reason, inadmissible as evidence in an action of replevin wherein the mortgagee claimed the property in controversy under and by virtue of the mortgage.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was an action of replevin, brought by Kaysing against Hughes, on the first day of July, 1871, in the circuit court of St. Clair county, to recover the possession of certain articles of personal property.

The defendant filed three pleas: First—*non detinet.* Second—property in Frank Lorber. Third—that defendant,

as sheriff of said county, levied on the property in dispute, by virtue of an execution issued by the clerk of said court, on the 20th day of April, 1871, in favor of Margaret E. Hanson and others, and against said Frank Lorber and one Xavier Lorber. Upon the trial the plaintiff gave in evidence a promissory note, of date Feb. 11, 1871, made by Frank Lorber to plaintiff, for $260, payable one year after date, with interest at the rate of ten per cent per annum. The plaintiff also offered in evidence a chattel mortgage, executed by Frank Lorber to the plaintiff, on the 11th day of February, 1871, on the property in dispute, to secure the payment of said note. To the introduction of the mortgage in evidence the plaintiff objected, for the reason that the consideration first mentioned in the same was $601.25, while the debt, afterwards described, and to secure which the mortgage was given, was only $260, with interest.

To reverse a judgment rendered in favor of the defendant the plaintiff appeals.

Mr. MARSHALL W. WEIR, and Mr. WILLIAM WINKELMAN, for the appellant.

Mr. WILLIAM H. UNDERWOOD, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The consideration first mentioned in the mortgage is larger than the debt afterwards accurately described, and to secure the payment of which the mortgage was given.

Is the mortgage therefore fraudulent *per se* and void?

The consideration stated in the commencement of the mortgage, may be more or less than the sum secured, without affecting its validity. The amount which the parties intended to secure must be ascertained from the condition in the deed. Even if this were for a sum larger than was actually due, the mortgage would not be absolutely void. The fact would still be subject to explanation. *Wooley* v. *Fry*, 30 Ill. 158.

Creditors could not be imposed upon or deceived by the recitals in this mortgage. The mortgagor only incumbered his property to the amount of the note, particularly described in the condition in the mortgage, and the mortgagee had a lien to the extent of that indebtedness. The sum thus secured was easily ascertained by subsequent purchasers and creditors. The chattel mortgage and note disclosed the real nature of the transaction, and no intervening rights could be injuriously affected, and no positive fraud imputed.

It was error to reject the mortgage as evidence.

The judgment is reversed and the cause remanded.

*Judgment reversed.*