### George Peck v. Robert Logsdon et al.

1. CHATTEL MORTGAGES—*Effect of a Failure to State When the Note Secured Becomes Due.*—The failure of a chattel mortgage to state when the note secured by it becomes due does not render the mortgage fraudulent and void, *per se*, as to third persons.

**Replevin.**—Trial in the Circuit Court of Montgomery County; the Hon. WILLIAM M. FARMER, Judge, presiding. Finding and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

LANE & COOPER, BUDD & SATTGAST, attorneys for appellant.

A chattel mortgage should state particularly the time of the maturity of the debt thereby secured. Jones v. Noel, 38 Ill. App. 274; 139 Ill. 377. Where no time of payment is specified in a note it is payable immediately. Herrick v. Bennett, 8 Johns. (N. Y.) 374; Thompson v. Ketcham, Id. 192; Battenhauser v. Bullock, 11 Ill. App. 673; Bergman v. Bogda, 46 Ill. App. 356.

ZINK, JETT & KINDER, attorneys for appellees.

It is only necessary, in any such case, that the mortgage debt should be described with such certainty as to enable

subsequent creditors and purchasers to ascertain, either from the condition of the deed or inquiry *aliunde*, the extent of the incumbrance.  Such inquiry would have brought into view the acknowledgment or receipt of Benson, made in writing at the time the note and mortgage were executed, to the effect that they held this note and mortgage as collateral security for indebtedness then existing, or which might thereafter accrue.  Speer v. Skinner, 35 Ill. 295.

Descriptions in chattel mortgages are to be applied and interpreted in the light of the facts and circumstances known to the parties at the time the mortgage was made; and subsequent purchasers must learn these facts so as to place themselves in the same position as the original parties.  Cobbey on Chattel Mortgages, Sec. 155.

If the means of ascertaining the extent of the lien are pointed out in the mortgage, it is enough.  Allen v. Lathrop, 46 Ga. 133.

Mr. Justice Burroughs delivered the opinion of the court.

This was an action of replevin commenced and tried in the Circuit Court of Montgomery County, in which the appellees, as plaintiffs, recovered a judgment against the appellant, a constable, for certain personal property that had been mortgaged to them by Charles M. Pendman, and which had been seized by the appellant under an execution in his hands against Pendman.

A jury being waived, the case was tried by the court upon a stipulation as to the facts, and the court by the judgment, sustained the mortgage, the reversal of which causes the appellant to prosecute this appeal.

The stipulation shows that on February 24, 1898, appellees became sureties for Pendman upon a note to Robert Fizzell for $450, due in one year, with seven per cent interest; and to indemnify the appellants as such securities, the chattel mortgage was given.  The mortgage recites the date of the note, the amount, to whom given, by whom executed, and for what purpose, but fails to recite the time when the note the mortgage was given to secure becomes

due, and because of this circumstance it is contended by the appellant, that the mortgage, as against the creditors of the mortgagor, is void, and this is the only question in the case presented to us for decision.

In the case of Silvis v. Aultman & Co., 141 Ill. 632, it was held that under our chattel mortgage act of 1874, as amended in 1887 (which provides that a chattel mortgage should be " valid from the time it is filed for record until the maturity of the entire debt or obligation, provided such time shall not exceed two years)," a chattel mortgage securing a note or other debt or obligation maturing more than two years after the mortgage was filed for record, was void; but by the further amendment of that act, made in 1891 (which provides that " such mortgage * * * shall thereupon, if *bona fide*, be good and valid * * * until the maturity of the entire debt or obligation; provided such time shall not exceed two years, * * * unless within thirty days next preceding the expiration of such two years * * * the mortgagor and mortgagee shall file for record in the office of the recorder, * * * also with the justice of the peace, * * * an affidavit setting forth particularly the interest which the mortgagee has, by virtue of such mortgage, in the property therein mentioned; and if such mortgage is for the payment of money, the amount remaining unpaid thereon, and the time when the same will become due, * * * which affidavit shall be recorded, * * * and thereupon the mortgage lien originally acquired shall be continued and extended for and during the term of two years from the filing of such affidavit, or until the maturity of the indebtedness or extension thereof secured by said mortgage; provided such time shall not exceed two years from the date of filing such affidavit "), a chattel mortgage is valid which secures an indebtedness due after the expiration of two years from the time such mortgage is filed for record, its validity after two years depending only upon filing the required affidavit within thirty days next preceding the expiration of that period, as expressly held in Kaller v. Robinson & Co., 153 Ill. 458.

The precise question involved in the case at bar has not been yet decided in this State, so far as we are advised; but we are of the opinion that inasmuch as the stipulation in this case shows that the note to Fizzell, described in the mortgage as being secured by it, was due in one year after its date, being the same date as the mortgage, and was not due when the property in question was seized under the execution, we are unable to see that the creditors of Pendman were in any way prejudiced by the failure of the mortgage to recite the time of maturity of the note, because, under our statute governing chattel mortgages as it now reads, it is possible for a mortgage to be valid for two years after it is filed for record although the note secured thereby matures more than two years after the date of filing the same, for which reason the mortgage in question, in the form written, was sufficient to put the creditors of the mortgagor upon inquiry; and had appellant, or the execution creditor, inquired of the parties to the mortgage, or of Fizzell, the holder of the note, before seizing the property, they could have ascertained when the note secured by this mortgage was due; and that it was not due when the property was levied upon.

The chattel mortgage disclosed the real nature of the transaction of the parties thereto, except the time when the note to Fizzell matured, and this failure was not such as could enable the parties thereto to perpetrate any fraud upon the creditors of, or subsequent purchasers from, Pendman, since Fizzell's relation to the transaction was such that neither he nor the mortgagor could profit by either withholding the time of the maturity of the note or by substituting any other indebtedness than the note to Fizzell for $450, because the amount of the note, its date, to whom given, and the rate of interest it bore, were fully stated in the mortgage.

In the case of Kaysing v. Hughes, 64 Ill. 123, it was held that where the consideration first mentioned in a chattel mortgage is larger than the debt afterward accurately described, and to secure which the mortgage was given,

the debt described as being secured governed, and such discrepancy did not render the mortgage fraudulent and void *per se* as to third persons; that the amount the parties intended to secure must be ascertained from the condition in the mortgage; and even if this amount were for a sum larger than was actually due, the mortgage would not be absolutely void, but the fact would still be subject to explanation.

In the case of Farrar v. Payne et al., 73 Ill. 82, it was held that where a deed of trust upon real estate did not mention the time of payment of the note secured thereby, that did not render the deed of trust void as against subsequent purchasers of the equity of redemption, as they could have ascertained, if needed, when it was due by resort to the holder of the note secured thereby.

In the case of Pease v. L. Fish Furniture Co., 176 Ill. 220, where the justice of the peace, before whom two chattel mortgages were acknowledged, in making the entry of the same upon his docket, gave the name of the mortgagee in each as L. Fish, when in fact the two mortgages were given to L. Fish Furniture Company, and also some of the mortgaged property was not correctly described by the justice in the entry on his docket, it was held that it was the duty of the justice to enter upon his docket substantially the names of the mortgagor and mortgagee, and a description of the property contained in the mortgages; but there was here no such failure to comply with the statute as would invalidate the mortgages, because the object of the statute in requiring such entry to be made, was to afford notice to such persons as might prefer to examine the docket of the justice, within their township, in preference to going to the county records; and, as the entry made by the justice showed clearly the name of the mortgagor, amount of the indebtedness secured by the two mortgages, and a substantial list of the property mortgaged, it was ample to notify persons who might desire to give the mortgagor credit, or to buy property from him, that he had mortgaged his property; hence the mortgages were valid liens upon the property as against third persons.

In the case of Gilbert v. Nat. Cash Register Co., 176 Ill. 288, where the justice of the peace, in taking the acknowledgment omitted the name of the county where the acknowledgment was taken—but after the signature of the justice, designated himself as "justice of the peace, town of South Chicago," and in the caption which preceded the acknowledgment, was "State of Illinois, —— County, ss."—it was held that the mere omission of the name of the county in the caption did not make the acknowledgment so insufficient as to invalidate the mortgagee's lien upon the property as against a levy upon the same by a judgment creditor of the mortgagor, because the court would take judicial notice from the signature of the justice and the addition of the words thereto, as above stated, that he was a justice of the peace of the town of South Chicago, which was in Cook county.

It is therefore plain, we think, that while a chattel mortgage is a creature of the statute, and is in derogation of the common law, and when a mortgagee of goods and chattels seeks to acquire a valid lien upon the same, he should see to it that the statutory requirements pertaining to such instruments are fully complied with, so that creditors and subsequent purchasers of such property from the mortgagor, may have proper notice, so that no frauds can be perpetrated by the mortgagor or mortgagee upon them; yet, in the absence of the statute expressly requiring that the time of the maturity of the note or indebtedness secured by chattel mortgage should be stated in such mortgage, we do not feel constrained to hold that it must be so stated in order that such mortgage shall be a valid lien for the note or indebtedness secured thereby as against third parties; and we think a proper construction of our statute governing chattel mortgages, and the decisions of our Supreme Court above referred to, warrant this conclusion.

Finding no reversible error in the proceeding of the Circuit Court, we affirm its judgment in this case. Judgment affirmed.